```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

                         EUGENE DIVISION
```

DAVID LEE ATKINSON,

        Petitioner,        Civil No. 08-700-AA

        v.                    ORDER

JEAN HILL,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment from the Washington County Circuit Court after convictions for Aggravated Murder, Felon in Possession of a Weapon and Robbery in the First Degree. Petitioner was sentenced to Life imprisonment for the count of Aggravated Murder, a concurrent 5-year sentence for the count of Felon in Possession and a concurrent 20-year sentence for the robbery count. Exhibit 101.

    Petitioner's convictions are not at issue in this proceeding. Petitioner challenges a the Oregon Board of Parole and Post-Prison Supervision (Board) denying

1 - ORDER

petitioner's request to reopen and reconsider a 2005 Board decision denying him eligibility for parole. Respondent move's to deny relief and dismiss this proceeding on the ground that petitioner's claim is moot because "the decision petitioner challenges no longer exists, and petitioner already obtained the available relief." Response (#38) p. 1.

The relevant facts are as follows: Petitioner was sentenced to life in prison after he shot and killed a store clerk during a robbery. In June, 2005, the Board held a murder review hearing to determine whether petitioner was capable of being rehabilitated within a reasonable period of time and thus eligible for parole. Exhibit 103, pp. 142-165. After the hearing the Board issued Board Action Form ("BAF") #9, concluding that petitioner was not likely to be rehabilitated within a reasonable period of time, and advising him that he could petition the Board again in two years. Id., p. 168. Petitioner requested administrative review of this decision, and on June 12, 2006, the Board issued Administrative Review Response ("ARR") #6 upholding the decision. Id. p. 186-188.

Petitioner sought judicial review of th Board decision. Exhibit 102. He argued that the findings from his June 2005 hearing were in error because the hearing did not meet the requirements associated with a contested case hearing under ORS 163.105. Exhibit 103. Petitioner requested that the case be remanded for a contested case hearing. Id., p.2. The

2 - ORDER

Board conceded petitioner's argument and joined petitioner's request for a remand. Exhibit 115.[1] The Court of Appeals granted petitioner's request, vacated the order under review (the subject of the present habeas petition) and remanded the case to the Board to conduct a contested case hearing. Exhibit 117. As the prevailing party, petitioner was awarded costs. Exhibit 119. Petitioner did not seek review by the Oregon Supreme Court.

Petitioner alleges the following grounds for relief:

**A. Ground One:** Petitioner had an administrative, statutory and hence constitutional right pursuant to former OAR 255-40-20 (192-1985) and ORS 183.450 to challenge the documentary evidence submitted by the Board for use during the aggravated murder review hearing conducted on July 6, 2005. The Board's refusal to allow same was a violation of Petitioner's due process protected by the 14th Amendment to the Constitution of the United States of America.

\* \* \*

**B. Ground Two:** The legal doctrine of finality of judgments applies to Petitioner's July 3, 1985 initial prison term hearing. Petitioner has a right exceeding that of the Board to have the legal doctrine of finality of judgments enforced by the courts. Petitioner had the right to either have the doctrine of finality of judgment applied to his July 3, 1985 initial prison term hearing, or in the alternative to have the mandatory due process requirements of former OAR 255-40-020 (1982-1985) applied and have the case reopened for review and reconsideration. The Board's and Court's failure to apply said doctrine of finality of judgment to Petitioner's July 3, 1985 initial prison term hearing or in that (sic) alternative apply the

---

[1] The Board had already issued ARR #7 withdrawing ARR #6 and granting petitioner relief in the form of a new hearing. Exhibits 121, 122.

3 - ORDER

> mandatory due process of former OAR 255-40-020 and allow reopening of the case for reconsideration violates the Petitioner's right to due process of the law which is protected by the 14th Amendment to the Constitution of the United States.
>
> * * *
>
> **C. Ground Three:** The Oregon Court of Appeals had jurisdiction for judicial review of the final order issued by the board under ORS 183.470 resulting from the aggravated murder review hearing it conducted on July 6, 2005. This jurisdiction was established by ORS 163.105(3)(1983) and ORS 183.480 and 183.482. The court's refusal to take jurisdiction for judicial review of the final order of the board pursuant to these statutes violates Petitioner('s) due process rights which are protected by the 14th Amendment to the Constitution of the United States of America.

Amended Petition (##24) p. 4-7.[2]

<u>Case or Controversy / mootness:</u> A claim failing to meet the active case or controversy requirement is moot under Article III, Section 2. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) To maintain a case or controversy, "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Id</u>. at 7, (*quoting* <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990)). A case is moot, and "incapable of judicial

---

[2] Petitioner's Amended Petition also references a request for reconsideration he filed in June 2005. Amended Petition (#24) p. 7. Petitioner's June 2005 request was to re-open a 2003 decision, and it did not challenge his July 2005 hearing. *See*, Exhibit 103, p. 70. The 2003 decision for which petitioner sought reconsideration was the subject of the initial petition in this proceeding and was litigated in a separate federal habeas corpus proceeding, *Atkinson v. Hill*, 3:06-cv-1463-PK. [Judgment of Dismissal with Prejudice (#63) entered February 9, 2010.

4 - ORDER

resolution, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Smith v. T-Mobile USA Inc., 570 F.3d 1119, 1122 (9th Cir. 2009) (*quoting* Powell v. McCormack, 395 U.S. 486, 496 (1969)).

In this case, petitioner challenges a July 2005, Board decision that he was ineligible for parole. Petitioner successfully challenged the hearing in the state courts, and the decision was withdrawn.[3] Accordingly, the decision causing petitioner's injury (denial of parole) no longer exists, and it cannot be redressed by a decision in this court. *Lewis,* 409 U.S. at 477-78; see also, Cumbo v. Eyman, 409 F.2d 400 (9th Cir. 1969)(holding that a state court vacating convictions moots habeas petition); Coleman v. California Board of Prison Terms, 228 Fed.Appx. 673 (9th Cir. 2007)(finding that the fact that the state parole board held a hearing mooted the appeal of the grant of a habeas petition ordered a new parole hearing).

Petitioner argues that the Board "divided" the 2005 decision into "two separate and distinct legal actions," and that he only prevailed in one of those actions. Pro Se Memorandum in Support (#65) p. 8. Specifically, petitioner contends that he prevailed in Oregon Court of Appeals case

---

[3]Respondent states that "[p]etitioner was granted a new hearing, and was granted eligibility for parole." Reply to Petitioner's Memorandum (#61) p. 3. However the record before the court does not contain any documentation regarding petitioner's subsequent hearing or the Board decision from that hearing.

5 - ORDER

A132680, but not in Oregon Court of Appeals case A129679, and thus there remains a live controversy in case A129679.  Id.

Petitioner's argument is not supported by the record which establishes that the Board did not "divide" the 2005 decision into two legal actions.  The 2005 decision led to one appeal, A132680, at which petitioner prevailed.  Case A129679 arose from petitioner's motion to reconsider the Board's **2003** decision.  The 2003 decision (as discussed above at Fn. 2) is not the subject of this habeas action.  That decision was litigated in a separate federal habeas corpus proceeding, *Atkinson v. Hill*, 3:06-cv-1463-PK (D. Or. 2010).

<u>Failure to Exhaust / procedural default:</u>   In addition, under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims.  <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."  <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; <u>see also</u>, <u>Castillo</u>

6 - ORDER

v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).

In this case, petitioner sought judicial review of the 2005 hearing and Board decision. The Court of Appeals agreed with petitioner and granted relief, vacating the order and remanding the case to the Board for another hearing. If there was anything unfavorable to petitioner in the Court of Appeals decision, or left unresolved by the Court of Appeals,

7 - ORDER

petitioner could have petitioned for review by the Oregon Supreme Court. Petitioner did not petition for review, and thus did not present any issues (including Grounds One through Three of his amended petition in this proceeding) to the state Supreme court and thus has procedurally defaulted those claims

Based on the foregoing, petitioner's Amended Petition (#24) is denied. This proceeding is dismissed.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

IT IS SO ORDERED

DATED this 14th day of January, 2011.

                              /s/ ANN AIKEN
                              Ann Aiken
                              United State District Judge